**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL MATTHEW MCGUIGAN, | No. 16-55492 |
| Plaintiff-Appellee, | D.C. No. 5:14-cv-02483-VAP-SP |
| v. | |
| COUNTY OF SAN BERNARDINO, | MEMORANDUM* |
| Defendant, | |
| and | |
| CHARLES NICHOLS; CHARLES MULLIGAN; PAUL SCHAEFER, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted October 2, 2017
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and SETTLE,** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Defendants-Appellants argue that they are entitled to qualified immunity with regard to Plaintiff-Appellee McGuigan's unlawful seizure, excessive force, and malicious prosecution claims brought under 42 U.S.C. § 1983. For the reasons stated below, we agree, and so reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of this appeal, we accept as true the following factual account proffered by McGuigan, and draw all inferences therefrom in his favor.

On the evening of October 23, 2013, Defendant-Appellant Nichols went to McGuigan's home at 8411 Hawthorne Street in Rancho Cucamonga to execute an active felony arrest warrant for an individual named Erik Ford. The warrant indicated that Ford resided at that address, though in a different zip code. It described Ford as a white male who was 5'8" tall, weighed 180 pounds, had blonde hair and green eyes, and was born in 1970.

McGuigan intercepted Nichols on the home's front porch. McGuigan was a white man, had "dark black" hair and blue eyes, weighed 215 pounds, and was 6'0" tall. He was born in 1967. McGuigan denied any knowledge of or acquaintance with Ford, but refused to identify himself. The situation escalated. Eventually, Nichols arrested McGuigan for impeding Nichols's investigation in violation of California Penal Code § 148. To effect this arrest, Nichols shoved McGuigan against a wall and handcuffed him. Though McGuigan asked Nichols

2

to loosen his cuffs, Nichols would not do so.

## STANDARD OF REVIEW AND JURISDICTION

Because Defendants-Appellants challenge the district court's denial of qualified immunity, "we have jurisdiction over the denial of summary judgment, an interlocutory decision not normally appealable[,]" though the "scope" of our review "is circumscribed." *George* v. *Morris*, 736 F.3d 829, 834 (9th Cir. 2013). "[W]e are confined to the question of whether the [Defendants-Appellants] would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn," in favor of McGuigan. *Id.* at 836 (internal quotation mark omitted) (quoting *Karl* v. *City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012)). We review de novo Defendants-Appellants' entitlement to qualified immunity. *See Glenn* v. *Wash. Cty.*, 673 F.3d 864, 870 (9th Cir. 2011).

## ANALYSIS

"To determine whether qualified immunity applies in a given case, we must determine: (1) whether a public official has violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official has violated was clearly established at the time of the violation." *Shafer* v. *Cty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017). For a right to be clearly established, case law ordinarily must have been developed previously "in such a

3

concrete and factually defined context [as] to make it obvious to all reasonable government actors, in the defendant's place," that the defendant's conduct violates federal law. *Id.* at 1117. Showing that the right allegedly violated was clearly established is the plaintiff's burden. *Id.* at 1118.

Here, McGuigan has not carried this burden; he has not identified law that would make it obvious to all reasonable officers, in the Defendants-Appellants' place, that what they did violated federal law. Thus, we cannot conclude that it was obvious to all reasonable officers (1) that despite the physical similarities between McGuigan and Ford, and their two addresses, an officer could not reasonably suspect McGuigian was Ford or was harboring Ford; or (2) that it was excessive force to restrain McGuigan against a wall and refuse to loosen his handcuffs, though McGuigan did not complain of pain. Defendants-Appellants are entitled to qualified immunity with regard to McGuigan's detention and the force used to effect McGuigan's arrest.

In light of this holding, McGuigan's malicious prosecution claim is moot. Because Defendants-Appellants are entitled to qualified immunity with regard to McGuigan's detention and arrest, there is no basis for a malicious prosecution claim.

We decline to exercise pendent jurisdiction to review the district court's grant of qualified immunity because the special circumstances that might allow us

to do so are lacking here. *See, e.g.*, *Sanchez* v. *Canales*, 574 F.3d 1169, 1172 (9th Cir. 2009), *overruled on other grounds by United States* v. *King*, 687 F.3d 1189 (9th Cir. 2012) (en banc) (per curiam); *Cunningham* v. *Gates*, 229 F.3d 1271, 1284-85 (9th Cir. 2000), *as amended* (Oct. 31, 2000).

## CONCLUSION

For the foregoing reasons, the district court's denial of summary judgment on the basis of qualified immunity is REVERSED AND REMANDED.